IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

Criminal No. 18-50006-001

JASON JERRELL SMITH                                   DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Defendant/Movant Jason Jerrell Smith ("Defendant"). (Doc. 56). The United States ("Government") has filed a Response. (Doc. 61). The matter is before the undersigned for issuance of this report and recommendation.

An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

### I.    BACKGROUND

On January 23, 2018, Defendant was charged in a two count indictment with uttering and possessing counterfeit securities, in violation of 18 U.S.C. § 513(a). (Doc. 1). On April 5, 2018, Defendant pled guilty to count one of the indictment, charging him with passing counterfeit securities of an organization, in violation of 18 U.S.C. § 513(a). (Doc. 19).

1

An Initial Presentence Investigation Report ("PSIR") was submitted on June 8, 2018. (Doc 21). The PSIR assessed a base offense level of 6 pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(a)(2). Id at ¶ 52. The PSIR recommended specific offense characteristic enhancements of 16 points, pursuant to U.S.S.G. § 2B1.1(b)(1)(I), as the intended loss in the case was $2,763, 289.88; 2 points, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), as the offense involved 10 or more victims; and 2 points as Defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials, pursuant to U.S.S.G. § 2B1.1(b)(10)(A). Id. at ¶¶ 53-55. The PSIR recommended an adjustment of 4 points pursuant to U.S.S.G. § 3B1.1(a), as Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Id. at ¶ 57. The PSIR recommended a three level reduction for acceptance of responsibility, which gave Defendant a total offense level of 27. Id. at ¶¶ 61-63. The PSIR indicated Defendant had a criminal history score of 13, which placed him in a criminal history category of VI. Id. at ¶¶ 79-81. The maximum statutory term of imprisonment was 10 years. Id. at ¶ 113. The PSIR indicated the statutory authorized maximum sentence of 10 years was less than the minimum term of imprisonment for the applicable guidelines range, therefore the guideline term of imprisonment was 120 months. Id. at ¶ 114.

Prior to sentencing, Defendant filed a memorandum asking the Court to decline to apply enhancements associated with alleged conduct in another state, as well as enhancements for the number of victims and intended loss and restitution; to run Defendant's sentence concurrent to any pending state court sentence; and for a downward variance from the advisory sentencing guideline range. (Doc. 28).

Defendant appeared for sentencing on October 4, 2018. (Doc. 36). Defendant was sentenced to 120 months to run concurrently to any term of imprisonment ordered in pending Shelby County, Tennessee, General Sessions Court, Docket Number H1800006, pursuant to U.S.S.G § 5G1.3(c). (Doc. 38). Defendant was also sentenced to 3 years of supervised release; a $100.00 special assessment; and a $54,762.81 fine.

Defendant appealed to the United States Court of Appeals for the Eighth Circuit. (Doc. 43); United States v. Smith, 929 F.3d 545 (8th Cir. 2019), reh'g denied (Aug. 22, 2019). On October 18, 2018, the Eighth Circuit appointed Defendant's counsel, Ms. Anna Williams, to represent Defendant in his appeal. (Doc. 45). On appeal, Defendant argued the intended loss calculation used by the District Court was too high, and that his restitution amount should have been lower. On July 3, 2019, the Eighth Circuit found the District Court did not clearly err in counting Defendant's attempt to rent a private jet as intended loss; and that the district court did not clearly err in the amount of restitution it ordered. (Doc. 58 ). The judgement was affirmed and appointed counsel's motion to withdraw was granted.

On September 24, 2019, Defendant filed the § 2255 motion currently before the Court, raising four grounds of relief. (Doc. 61).

## II.     DISCUSSION

As grounds for relief, Defendant asserts: 1) an incomplete indictment, specifically that the indictment failed to fully set forth the factual terms and elements of the offense sought; 2) violation of the 5th Amendment, specifically that the District Court ordered the Defendant pay restitution along with intended loss for allegations in cases that had been dismissed by another jurisdiction; 3) violation of the 6th Amendment, specifically that the District Court ordered that the Defendant

pay restitution in cases that are currently pending in a Arkansas State court that will be set for trial; 4) violation of the 11th Amendment, specifically that the Government indicated it would not seek restitution or intended loss outside the Western District of Arkansas, however, prior to sentencing, the Government went back on the agreement and included loss from outside the district; 5) violation of the 5th Amendment, specifically that the District Court ordered Defendant to pay restitution to Fish City Grill when prior to the indictment Defendant paid the loss amount to Fish City Grill; and 6) violation of the 11th Amendment, specifically that the District Court held Defendant liable for restitution and intended loss in the Western District of Tennessee even though those cases were dismissed.

### A.      Ground One

Defendant alleges the indictment failed to fully set forth the factual terms and elements of the offense sought.  (Doc. 56, p. 4). Specifically, Defendant states that the indictment did not state who the securities were passed to, and that the plea agreement states a check was written to Sage Real Estate, but no check was ever written to Sage Real Estate. Id.

"A guilty plea waives all defects except those that are 'jurisdictional.'" United States v. Todd, 521 F.3d 891, 895 (8th Cir. 2008)(citations omitted). One who enters a plea of guilty waives his right to request relief under 28 U.S.C. § 2255 except for those issues related to jurisdiction only. Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989) ("In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction," including claims regarding search and seizure, privilege against self-incrimination, and failure to disclose favorable evidence), cert. denied, 493 U.S. 869 (1989). The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the

alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (U.S. 1970)(citations omitted).

A review of the transcript of the April 5, 2018, change of plea hearing reveals that after the Government stated the facts used to support the plea, Defendant stated he did not admit to the fact that he wrote or passed a counterfeit check to "Sage Real Estate." (Doc. 46, p. 25; Doc. 19, ¶ 4(b)). There was a question as to whom the check was written, so the Court took a recess, after which defense counsel and counsel for the Government clarified with the Court that the check in question was written to "Regus." (Doc. 46, pp. 26-27). The Court then struck the words "Sage Real Estate" in paragraph 4(b) of the plea agreement, and interlineated the name "Regus." Id. at 26. Defendant and his counsel, as well as counsel for the Government initialed the plea agreement. (Doc. 19, p. 2). At that point in the change of plea hearing, Defendant agreed and admitted to the facts in support of the plea for count one and pled guilty. Id. at 27-28.

Defendant is now attempting to assert that the indictment was incomplete but is actually arguing that one of the names listed in the plea agreement was incorrect. It is clear this issue was resolved at the change of plea hearing prior to Defendant pleading guilty to count one. The record shows that Defendant voluntarily and intelligently entered a guilty plea to the offense of conviction for count one. Accordingly, Defendant's claim that the indictment was incomplete is without merit.

### B.     Grounds Two-Six

Defendant asserts violations of his 5th, 6th, and 11th Amendment rights in the heading of Grounds Two-Six. (Doc. 56, pp. 5-9, 13-19). However, Defendant's basis for each argument revolves around the District Court's intended loss calculation used as a basis for the sentence Defendant received, and the amount in restitution Defendant was ordered to pay. Defendant

5

argued an error was made regarding intended loss and restitution on direct appeal, and the Eighth Circuit affirmed the District Court's sentence. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003).

Further, a challenge to restitution cannot be brought in a § 2255 motion. United States v. Bernard, 351 F.3d 360 (8th Cir.2003)("a federal prisoner cannot challenge the restitution portion of his sentence under section 2255, because the statute affords relief only to prisoners claiming a right to be released from custody"). Defendant's intended loss miscalculation claim is in essence an allegation of error in the application of the advisory Guidelines. Federal habeas relief is available only if a prisoner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice," an error that "present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (internal citation omitted); see also, United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (applying standard). Defendant's sentence of 120 months, the maximum statutory term of imprisonment, does not result in a complete miscarriage of justice.  United States v. Tolerson, No. 614CR60011-SOH-MEF, 2017 WL 4769048, at *4 (W.D. Ark. May 24, 2017), report and recommendation adopted, No. 6:14-CR-60011, 2017 WL 4701067 (W.D. Ark. Oct. 19, 2017) ("Thus, allegations of Guidelines errors are not cognizable under § 2255 unless the sentence imposed exceeds the statutory maximum.").

As to the merits, for Grounds Two, Three and Six, Defendant asserts the District Court violated his rights by ordering him to pay restitution in cases dismissed by other jurisdictions or that were pending in Arkansas state court.  In Paragraph Thirteen of the plea agreement, Defendant agreed to pay full restitution for all losses caused by his criminal conduct, even if such losses

resulted from crimes not charged or admitted to in the factual statement. (Doc. 19, ¶13). Paragraph Seventeen of the plea agreement stated that the Government would be permitted to bring to the District Court's attention, and the District Court would be permitted to consider all relevant conduct. Id. at ¶ 17. At the plea hearing, the District Court explained relevant conduct to Defendant. (Doc. 46, pp. 22-23). Defense counsel did object in Objection Six to the PSIR, arguing that Defendant denied conduct on a pending Tennessee charge. (Doc. 24, p. 2). Defense counsel also filed a sentencing memorandum arguing that the District Court should not impose enhancements for conduct in Tennessee. (Doc. 28, p. 2). The District Court found that Defendant's activities in Memphis should be used to calculate intended loss and actual loss because these activities were relevant conduct and part of the same criminal spree. (Doc. 47, pp. 127-132). Relevant conduct may include uncharged conduct that is part of a common scheme or plan. United States v. Harmon, 944 F.3d 734, 738 (8th Cir. 2019).

As to the merits of Ground Four, Defendant asserts the Government said it would only seek restitution and intended loss in Northwest Arkansas. Defendant's bare allegation is not supported by the record. Furthermore, Paragraph 27(c) of the plea agreement makes clear that no promises or agreements were made except those set forth in the plea agreement. (Doc. 19, ¶ 27).

As to the merits of Ground Five, Defendant asserts that the District Court ordered him to pay $190.42 to Fish City Grill even though he had already paid this debt. Defense counsel objected to this debt stating that Defendant had already paid this debt, but the only proof defense counsel could cite to was a newspaper article. (Doc. 24, p. 5; Doc. 47, pp. 124-125). At the sentencing hearing, Agent Aaron Baker testified that he contacted Fish City Grill and was told there was no record that Defendant repaid the $190.42 owed. (Doc. 47, pp. 18-19).

Accordingly, Defendant's arguments in Grounds Two-Six cannot be brought in a § 2255 motion and, in any event, are without merit.

### C. Miscellaneous Assertions

Finally, while not listed as specific grounds for relief, Defendant asserts the Government used a written statement of an active fugitive at the sentencing hearing, and that Agent Baker's testimony regarding the Memphis investigation and the attempted online transaction for the purchase of an airplane at the sentencing hearing was inaccurate. (Doc. 56, pp. 15-17). With respect to the allegation that the Government used a statement from an active fugitive, there is no evidence to support this statement. With regard to the online purchase of the airplane, Defense counsel raised objections at the sentencing hearing that the failed purchase of the airplane should not be considered a loss. Id. at 122-123. The District Court disagreed and included the value of the plane as well as the activity in other districts as intended loss when sentencing Defendant.[1] Id. at 127-135. This decision was affirmed by the Eighth Circuit on appeal. As addressed above, Defendant cannot now raise the same arguments through a § 2255 motion.

### III. CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's motion to vacate filed pursuant to 28 U.S.C. § 2255 be DENIED and his petition be DISMISSED.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(b) & (c)(2). A "substantial showing" is a

---

[1] The Court notes at the sentencing hearing, the District Court noted the standard for the Government was a preponderance of the evidence and that if the standard was beyond a reasonable doubt the finding of the Court might have been different. (Doc. 47, p. 132).

showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of August 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE