IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                           CASE NO. 5:18–CR-50006

JASON JERRELL SMITH                                                                DEFENDANT

### MEMORANDUM OPINION AND ORDER

Currently before the Court is the Defendant Jason Jerrell Smith's *pro se* Motion for Compassionate Release/Reduction in Sentence filed on June 29, 2020 (Doc. 71). Mr. Smith requests a reduction of his sentence to time-served due to the ongoing COVID-19 pandemic. The Government filed a Response (Doc. 76) and Defendant replied (Doc. 81 ). Now that the Motion is ripe, the Court finds that it should be **DENIED** for the reasons explained below.

### I.  BACKGROUND

Mr. Smith pleaded guilty to knowingly passing a counterfeit security of an organization and was sentenced on October 4, 2018, to 120 months imprisonment, 3 years supervised release, and mandatory restitution in the amount of $54,762.81. (Doc. 38). Based on his total offense level of 27 and a criminal history category of VI, his guideline imprisonment range was 130 to 162 months; however, he was subject to a statutory maximum sentence of 10 years. According to the October 11, 2018, Revised Final PSR, Mr. Smith was in good physical condition, with a history of hypertension and chest pain, for which he took nitroglycerin. (Doc. 37, p. 21).

Presently, Mr. Smith reports that he still suffers from chronic hypertension to the point he has experienced blackouts. (Doc. 79, p. 54). His medical records indicate that

he has a history of congestive heart failure and hypertension, and he has a BMI of 38.21. *Id.* at pp. 1–2. Further, Mr. Smith claims in his Motion that he suffered a heart attack in 2010 while in the custody of the Kentucky Department of Corrections; that he experienced a stroke in 2014, resulting in a thirteen day stay at Baptist Memorial Hospital in Memphis, Tennessee; and that he underwent surgery in October 2018 directly following his sentencing due to internal bleeding and heart complications. (Doc. 71).

As for the threat of coronavirus, the Court notes that CoreCivic, the entity which owns the correctional facility where Mr. Smith is housed, West Tennessee Detention Facility ("WTDF"), has not made the number of current COVID-19 cases at their facility easily available online. However, in May 2020, CoreCivic confirmed to the press that 228 inmates and 4 employees tested positive out of 490 completed tests. Echo Day, *May 13: Mass Testing Revealed 311 Cases Connected to the Prison Outbreak*, THE LEADER (May 13, 2020), https://covingtonleader.com/news/may13/.   Based on this information, the Court recognizes that there was and may continue to be a severe outbreak of COVID-19 at WTDF. In fact, the medical records provided to the Court indicate that Mr. Smith was already experiencing a suspected COVID-19 viral infection as of July 7, 2020 (Doc. 79, p. 1).

## II. LEGAL STANDARD

Mr. Smith's request for a reduction of sentence and compassionate early release is made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA"). The FSA permits an inmate to seek compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A)(i). If one of these requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Court therefore looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). See id. Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. Schmitt, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Smith's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the Bureau's failure to bring a motion for

3

early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. Mr. Smith states in his Motion that he petitioned the warden of his facility for compassionate release. The Government does not raise exhaustion as a bar to the Court's consideration of Mr. Smith's motion. Based upon Mr. Smith's uncontested allegation that he petitioned his warden for early release on June 20—and more than 30 days have lapsed since then—the Court finds that Mr. Smith has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Section 3553(a) Factors

The Court acknowledges that Mr. Smith is at an elevated risk of a severe COVID-19 infection in light of his medical history of congestive heart failure and hypertension. Even assuming that Mr. Smith has established that he is in a higher risk group for suffering complications from COVID-19, he is not a suitable candidate for early release considering the Section 3553(a) factors. Mr. Smith has a significant criminal history spanning almost his entire adult life. (Doc. 37, p. 16). Many of his infractions are marked by probation violations or attempts to flee. *Id.* As the Court noted in sentencing, Mr. Smith's frauds grew into larger and larger deceptions, culminating in the actions that underlie his present offense, which involved ten or more victims and an intended loss of $2,719,057.83. *Id.* at p. 12. Further, the Court observes that Mr. Smith has now served approximately 31 months—or approximately 25%—of his 120 month sentence of imprisonment. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in such fraudulent activities. Additionally, allowing Mr. Smith to

4

complete his prison sentence in 31 months would create a significant disparity with other defendants who have been held responsible for similar offenses.

For these reasons, even assuming Mr. Smith has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release of Mr. Smith.

## IV. CONCLUSION

**IT IS THERFORE ORDERED** that Jason Jerrell Smith's *pro se* Motion for Compassionate Early Release/Reduction in Sentence (Doc. 71) is **DENIED.**

**IT IS SO ORDERED** on this 22nd day of September, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE